Circuit Court for Prince George's County
Case No. CAL14-30313

IN THE SUPREME COURT

OF MARYLAND

No. 45

September Term, 2025

_____

JOSEPH BASSO

v.

JOSE RODRIGUEZ, et al.

_____

Fader, C.J.,
Watts,
Booth,
Biran,
Gould,
Eaves,
Killough,

JJ.

_____

PER CURIAM ORDER

_____

Filed: January 23, 2026

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

|  | * | IN THE |
| JOSEPH BASSO | * | SUPREME COURT |
| v. | * | OF MARYLAND |
| JOSE RODRIGUEZ, et al. | * | No. 45 |
|  | * | September Term, 2025 |

PER CURIAM ORDER

On November 24, 2025, this Court granted in part Petitioner's petition for writ of certiorari to address the following question:

> Under Maryland Rule 1-341, where a court finds that the conduct of a party in maintaining or defending any proceeding was in bad faith or without substantial justification, may the court require the offending party and/or attorney to pay reasonable attorney's fees to the adverse party, where the adverse party is represented by counsel under the terms of a contingency fee agreement?

Pursuant to the order granting the petition, argument was set for the March 2026 session of the Court, with arguments to be scheduled on March 5, 6, 9, and 10, and petitioner's brief was due "on or before January 5, 2026."

On December 19, 2025, the Clerk of Court sent notice that oral argument was scheduled for March 6, 2026.

On December 31, 2025, the parties filed a stipulation which purported to extend the time for the parties to file their briefs, including extending the deadline for Petitioner's Brief from January 5 to January 9, 2026, the deadline for Respondents' Brief from February

4 to February 9, 2026, and the deadline for Petitioners' Reply Brief from February 23 to February 24, 2026.

Pursuant to Rule 8-502(b), parties may extend the time for filing briefs by "joint stipulation filed with the clerk so long as the [petitioner's] brief and the [respondent's] brief are filed at least 30 days, and any reply brief is filed at least ten days, before the scheduled argument." Thirty days before the scheduled March 6 argument was February 4, 2026. Accordingly, the parties' stipulation was not authorized by Rule 8-502(b) and was, therefore, technically ineffective.

Petitioner did not file his opening brief on January 5, when it was due, or on January 9, when it would have been due if the stipulation had been effective. Petitioner also did not file a motion for extension of time in time for the Court to rule on it before either the original January 5 deadline or the purported stipulated stipulation deadline. Instead, Petitioner filed his brief on January 12, 2026, without an accompanying motion for approval of the late filing.

On January 13, 2026, Petitioner filed "Petitioner's Extension of Time to Monday, January 12, 2026 to File Petitioner's Brief." In that document, Petitioner explained that on January 9, 2026, his counsel "was still in the process of editing the Brief and incorporating the Joint Record Extract in the matter, to the Brief in this case." He further explained that his counsel was also involved in drafting three other briefs in appellate matters in other courts, that counsel for both parties had previously stipulated to extend deadlines when the appeal was pending before the Appellate Court of Maryland, and that he anticipated "that the prior course of conduct with attorneys in the same [opposing] law firm, would be

2

respected and agreed upon without difficulty." Accordingly, after business hours on Friday, January 9, 2026, Petitioner's counsel sent an email to opposing counsel seeking consent to a stipulation that would extend the deadline for Petitioner's Brief to Monday, January 12, with a corresponding extension of the deadline for the Respondents' brief until February 11.[1] Respondents' counsel did not respond until a conversation between counsel on January 12, when Respondents' counsel declined to consent. Petitioner's motion requested that the Court grant an extension of time to file until "Monday, January 12, 2026, *nunc pro tunc*."

Rule 1-204 permits a court "on motion of any party and for cause shown" to extend the period for any filing "if the motion is filed before the expiration of the period originally prescribed or extended by a previous order." Md. Rule 1-204(a)(2). A court may also extend such a period "on motion filed after the expiration of the specified period," but only "if the failure to act was the result of excusable neglect." Md. Rule 1-204(a)(3).

Also on January 13, 2026, Respondents filed an opposition to Petitioner's motion for extension of time or, in the alternative, a motion to dismiss. On January 16, 2026, Petitioner filed a reply to the opposition.

Pursuant to Rule 8-602(c)(5), the court may dismiss an appeal when "a brief or record extract was not filed by the [petitioner] within the time prescribed by Rule 8-502." Rule 8-502(a)(1) provides that a petitioner's brief is due "[n]o later than the date specified

---

[1] The stipulation for which Petitioner's counsel sought consent on January 9 would have been ineffective, even had it been filed on that date, because it would have pushed the deadline for the Respondents' Brief further past the date permitted by Rule 8-502(b).

in the notice sent by the appellate clerk" or as extended by valid stipulation under Rule 8-502(b)(1).

Although Petitioner phrases his request as for the Court to grant a motion for extension with retroactive effect, it is more properly treated as a request to permit the late filing of the brief. Pursuant to Rule 1-204(a)(3), that is appropriate only in a case of excusable neglect. Here, Petitioner appears to have been unaware that the deadline for filing his brief was January 5, due to the mistaken belief that the parties' original stipulation was effective. However, Petitioner believed that the deadline for filing his brief was January 9. Operating under the impression that he could cure a failure to file the brief by that deadline—or to seek a timely extension of the deadline for doing so—by filing a retroactive stipulation the following week, and further operating under the expectation that opposing counsel would consent to such a belated stipulation, he let the deadline pass without filing the brief, a timely motion for an extension, or any other filing.

The Court does not find excusable neglect that would authorize the relief sought by Petitioner.

Accordingly, it is this 23rd day of January, 2026, by the Supreme Court of Maryland, a majority of the Court concurring,

ORDERED that Petitioner's motion for extension of time is DENIED, and it is further

ORDERED that Respondents' motion to dismiss is GRANTED, and it is further

ORDERED that the writ of certiorari is dismissed with costs and No. 45, September Term, 2025 is closed in this Court; and it is further

4

ORDERED, that costs are to be paid by Petitioner.


   /s/ Matthew J. Fader
Chief Justice